■ In the Matter of PHYLISS BOSSHART, Appellant, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, Respondent. [609 NYS2d 30] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent dated March 19, 1991, denying the petitioner's request for access to identified records, the petitioner appeals from a judgment of the Supreme Court, Queens County (Levine, J.), dated April 6, 1992, which dismissed the proceeding, and denied the petitioner's request pursuant to 42 USC § 1988 and CPLR article 86 for reasonable attorneys' fees.

Ordered that the judgment is affirmed, without costs or disbursements.

In this proceeding the petitioner sought to review a determination which denied her request to be sent free copies of draft model "form" fair hearing decisions and final fair hearing decisions which addressed the use of Emergency Assistance to Families funds to replace lost or stolen cash. The respondent did, however, make the final fair hearing decisions available to the petitioner at its Albany office for inspection and photocopying.

We agree with Supreme Court that the fair hearing decisions requested by the petitioner are not exempt from disclosure under the Freedom of Information Law, and that the respondent fulfilled its obligation under the Freedom of Information Law by granting the petitioner access to the fair hearing decisions maintained by the agency for inspection and photocopying (see, Public Officers Law § 84 et seq.; 45 CFR 205.10 [a] [19]; 18 NYCRR part 340). With regard to the petitioner's request for copies of form fair hearing decisions, the respondent properly determined that these materials were

exempt from disclosure as intra-agency materials *(see,* Public Officers Law § 87 [2] [g]). Because the petitioner has not prevailed on any issues in this proceeding, she is not entitled to an award of attorneys' fees *(see,* 42 USC § 1988; Public Officers Law § 89 [4] [c]; CPLR art 86).

We have reviewed the petitioner's remaining contentions and find them to be without merit. Sullivan, J. P., Miller, O'Brien and Krausman, JJ., concur.